## CHARLES A. MERRILL *v.* R. H. ELAM *et als.*

1. GARNISHMENT. *Lien.* A garnishment bill held to give to the complainant the benefit of the lien to secure the indebtedness of the debtor to the garnishee, for unpaid purchase money on land. As to other ·indebtedness not so secured by lien, a judgment only should have been given against the garnishee.

2. SALE. Error to sell land on time and free from the equity of redemption when not asked for in the bill.

3. INTEREST. Error to compute interest from the date of Master's report to the rendition of the decree, thus compounding interest upon the garnishee.

### FROM DAVIDSON.

Appeal from the Chancery Court.

GUILD and DODD for Merrill.

E. H. EAST for Elam.

NICHOLSON, C. J., delivered the opinion of the Court.

This is an attachment bill, as to Elam, and a garnishment bill, as to Payne. Both answered, and thereby waived all objection as to regularity of the attachment. The debt from Elam to Merrill grew out of partnership transactions, and notes executed on partial settlement thereof. The amount was ascertained upon reference to the Clerk and Master, and no exception was taken to his report. By the same reference, the indebtedness of Payne to Elam, which

was subjected by Merrill's garnishment bill, was ordered to be ascertained, and no exception was taken to the report by Elam or Payne. Nor could any exception be taken by Payne, to the payments of $1,000 each, made by him to Elam, as these payments were charged in Merrill's amended bill, to have been fraudulently made, after service of the garnishment bill, and the allegations of this amended bill were taken for confessed, both as to Elam and Payne.

The report of the Clerk and Master was, therefore, conclusive as to the amount due from Elam to Merrill, and the amount due from Payne to Elam. This report shows, that, all of the indebtedness of Payne to Elam, Except $4,000, was the balance of unpaid purchase money of the tract of land sold by Elam to Payne, and for which balance, Elam retained a lien on the land. This indebtedness, so secured by lien, was subjected by Merrill's bill, as well as the indebtness of $4,000, not so secured. The legal effect of the garnishment bill was to give to Merrill the benefit of the lien to secure the indebtedness of Payne to Elam for the land; but as to the $4,000 not so secured by lien, Merrill's garnishment bill only entitled him to a judgment against Payne therefor.

The Chancellor decreed the land to be sold for the entire indebtedness of Payne to Elam, as well as that not secured by law as that which was. This was error. The decree could subject the land to sale for the indebtedness which was a lien on the land, and as to the other indebtedness not being a lien, a judg-

ment should have been rendered against Payne. How Merrill was to secure the payment of this judgment, was not a question to be settled by the decree.

The decree also orders the land to be sold on time and free from the equity of redemption. This was error, as such a sale was not asked for in the bill.

It is assigned as error, that the decree permits interest to be calculated on the amount of Payne's indebtedness to Elam, as ascertained at the date of the report, up to the rendition of the decree, thus charging Payne with compound interest. This is error, if, upon calculation, it is found the interest was so computed. The Clerk and Master will make the computation and report on this matter.

The costs of the cause are decreed to be retained out of the proceeds of the sale of the land. This was correct, except as to the costs growing out of the proceedings to settle the partnership between the Merrills and Webb—that portion of the costs should be paid by Merrill. The costs of this Court will be paid, one-half by Merrill, and the other out of the sale of the land.

The decree will be modified as indicated, and in other respects affirmed, and the same enforced by the Clerk of this Court, if the amount is not paid within sixty days.